**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
Eric Stuart (ES-1265)
Attorneys for Defendant,
Midtown Air Conditioning
and Ventilation, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANGEL VARGAS, FELIX BONILLA, RYAN MCKENZIE, BERNARDO RAMIREZ and SIMON NORALES | Case No.: 1:07-cv-03343-RMB<br>Honorable Richard M. Berman, U.S.D.J. |
| Plaintiff, | *Civil Action* |
| v. | **ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| MIDTOWN AIR CONDITION AND VENTILATION, LTD. | <u>**Document Electronically Filed**</u> |
| Defendant. | |

---

Defendant, Midtown Air Conditioning and Ventilation, Ltd. (improperly designated as Midtown Air Condition and Ventilating, Ltd.) ("Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by way of answer to the Amended Complaint of plaintiffs Angel Vargas, Felix Bonilla, Ryan McKenzie, Bernardo Ramirez, and Simon Norales ("Plaintiffs"), states as follows:

1. Defendant neither admits nor denies the allegations in the first sentence of Paragraph 1 as it calls for a legal conclusion. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that: (1) Plaintiffs are all either Black

or Hispanic; and (2) Plantiffs contend that they were terminated because they complained. Except as expressly provided herein, Defendant denies each and every allegation in Paragraph 1.

2. Defendant neither admits nor denies the allegations in the first two sentences of Paragraph 2 as they call for a legal conclusion. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 2, and on that basis denies those allegations.

3. Defendant admits that Angel Vargas was an employee of Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3, and on that basis denies those allegations.

4. Defendant admits that Felix Bonilla was an employee of Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and on that basis denies those allegations.

5. Defendant admits that Ryan McKenzie was an employee of Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, and on that basis denies those allegations.

6. Defendant admits that Bernardo Ramirez was an employee of Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and on that basis denies those allegations.

7. Defendant admits that Simon Norales was an employee of Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and on that basis denies those allegations.

8. Defendant admits that Midtown Air Conditioning and Ventilation, Ltd., maintains a principal place of business at 545 Eighth Avenue, 6th Floor, New York, New York, 10018.

Defendant also admits that it entered into contracts with the City of New York. Defendant neither admits nor denies the allegations that these conditions existed "at all relevant times," as they call for a legal conclusion.

9a.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9a, and on that basis denies those allegations.

9b.   Defendant denies each and every allegation in Paragraph 9b.

9c.   Defendant denies each and every allegation in Paragraph 9c.

9d.   Defendant denies each and every allegation in Paragraph 9d.

9e.   Defendant neither admits nor denies the allegations in Paragraph 9e as they call for a legal conclusion.

9f.   Defendant neither admits nor denies the allegations in Paragraph 9f as they call for a legal conclusion.

9g.   Defendant neither admits nor denies the allegations in Paragraph 9g as they call for a legal conclusion.

9h.   Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9h, and on that basis denies the allegations.

9i.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9i.

9j.   Defendant denies each and every allegation in Paragraph 9j.

9k.   Defendant denies each and every allegation in Paragraph 9k.

9*l*.   Defendant denies each and every allegation in Paragraph 9*l*.

9m.   Defendant denies each and every allegation in Paragraph 9m.

10a. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10a, and on that basis denies those allegations.

10b. Defendant denies each and every allegation in Paragraph 10b.

10c. Defendant denies each and every allegation in Paragraph 10c.

10d. Defendant neither admits nor denies the allegations in Paragraph 10d as they call for a legal conclusion.

10e. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10e, and on that basis denies those allegations.

10f. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10f, and on that basis denies those allegations.

10g. Defendant denies each and every allegation in Paragraph 10g.

10h. Defendant denies each and every allegation in Paragraph 10h.

10i. Defendant denies each and every allegation in Paragraph 10i.

11a. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11a, and on that basis denies those allegations.

11b. Defendant denies each and every allegation in Paragraph 11b.

11c. Defendant admits that it initially hired McKenzie as a sheet metal mechanic. Defendant neither admits nor denies the allegations in the fourth and fifth sentences of Paragraph 11c as they call for a legal conclusion. Except as otherwise provided herein, Defendant denies each and every allegation in Paragraph 11c.

11d. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11d, and on that basis denies those allegations.

11e. Defendant denies each and every allegation in Paragraph 11e.

11f.  Defendant denies each and every allegation in Paragraph 11f.

11g.  Defendant denies each and every allegation in Paragraph 11g.

12.  [The Complaint omits Paragraph 12.]

13a.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13a, and on that basis denies those allegations.

13b.  Defendant denies each and every allegation in Paragraph 13b.

13c.  Defendant admits that it initially hired Ramirez as a helper. Defendant can neither admit nor deny the allegations in the fourth and fifth sentences of Paragraph 13c as they call for a legal conclusion. Except as expressly provided herein, Defendant denies each and every allegation in Paragraph 13c.

13d.  Defendant can neither admit nor deny the allegations in Paragraph 13d as they call for a legal conclusion.

13e.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13e, and on that basis denies those allegations.

13f.  Defendant denies each and every allegation in Paragraph 13f.

13g.  Defendant denies each and every allegation in Paragraph 13g.

13h.  Defendant denies each and every allegation in Paragraph 13h.

13i.  Defendant denies each and every allegation in Paragraph 13i.

14a.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14a, and on that basis denies those allegations.

14b.  Defendant denies each and every allegation in Paragraph 14b.

14c.  Defendant admits that it initially hired Simon Norales as a sheet metal mechanic. Defendant can neither admit nor deny the allegations in the fourth and fifth sentences of

Paragraph 14c as they call for a legal conclusion. Except as expressly provided herein, Defendant denies each and every allegation in Paragraph 14c.

14d. Defendant can neither admit nor deny the allegations in Paragraph 14d as they call for a legal conclusion.

14e. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14e, and on that basis denies those allegations.

14f. Defendant denies each and every allegation in Paragraph 14f.

14g. Defendant denies each and every allegation in Paragraph 14f.

14h. Defendant denies each and every allegation in Paragraph 14h.

14i. Defendant denies each and every allegation in Paragraph 14i.

15. Defendant denies each and every allegation in Paragraph 15.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant denies each and every allegation in Paragraph 17.

18. Defendant denies each and every allegation in Paragraph 18.

19. Defendant denies each and every allegation in Paragraph 19.

20. Defendant hereby repeats and realleges each allegation in each numbered paragraph above.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant hereby repeats and realleges each allegation in each numbered paragraph above.

23. Defendant denies each and every allegation in Paragraph 23.

24. Defendant hereby repeats and realleges each allegation in each numbered paragraph above.

25. Defendant denies each and every allegation in Paragraph 25.

26. Defendant hereby repeats and realleges each allegation in each numbered paragraph above.

27. Defendant denies each and every allegation in Paragraph 27.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that the Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred because they failed to exhaust their administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that there is a misjoinder of parties.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs, by reason of their acts, conduct and omissions, have waived their rights, if any, to obtain the relief sought in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs, by reason of their acts, conduct and omissions, are estopped from obtaining the relief sought in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims fail because Defendant is not a state actor.

### NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred by the doctrine of res judicata.

### TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred by the doctrine of collateral estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that a reasonable good faith dispute existed as to whether any wages or other amounts were owed.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because there is no private right of action under New York Labor Law Section 220.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' allegations are insufficient to entitle them to punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claim for punitive damages violates Defendant's

right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of New York.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred in whole or in part because they failed to utilize the grievance and arbitration procedures of the applicable collective bargaining agreement.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional affirmative defenses following the completion of discovery.

**WHEREFORE**, defendant, Midtown Air Conditioning and Ventilation, Ltd., prays for the following relief:

1. That Plaintiffs take nothing by their Complaint;

2. For judgment in favor of Defendant and against Plaintiffs;

3. For all expenses, including reasonable attorneys' fees;

4. For all costs of suit; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: s/ Eric C. Stuart

Eric C. Stuart (ES 1265)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
Attorney for Defendant
Midtown Air Conditioning, Inc.

Dated: July 16, 2007

## CERTIFICATE OF SERVICE

      I, Ava Armstrong, hereby certify that on July 16, 2007, I served a copy of Defendant's Answer to Amended Complaint and Affirmative Defenses on the following party by way of first class U.S. Mail.

Ambrose Wotorson, Esq.
Law Offices of Ambrose Wotorson
Suite 1811, 26 Court Street,
Brooklyn, NY 11242-1118
Counsel for Plaintiffs

July 16, 2007                       _/s/ Ava Armstrong_
Date                                  Ava Armstrong

5073035.1 (OGLETREE)