**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
Eric C. Stuart (ES-1265)
Attorneys for Defendant,
Midtown Air Conditioning
and Ventilation, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANGEL VARGAS, FELIX BONILLA, RYAN MCKENZIE, BERNARDO RAMIREZ and SIMON NORALES | Case No.: 1:07-cv-03343-RMB<br>Honorable Richard M. Berman, U.S.D.J. |
| Plaintiffs, | *Civil Action* |
| v. | |
| | **Document Electronically Filed** |
| MIDTOWN AIR CONDITIONING AND VENTILATION, LTD. | |
| Defendant. | |

---

**REPLY BRIEF OF MIDTOWN AIR CONDITIONING AND VENTILATION, LTD. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

**Of Counsel and On the Brief:**
   Eric C. Stuart
   Dominick C. Capozzola

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................... 1

II. THE COURT SHOULD GRANT SUMMARY JUDGMENT ON THE UNOPPOSED ELEMENTS OF MIDTOWN'S MOTION .................................................................. 2

IV. PLAINTIFFS PRESENT NO EVIDENCE TO SUPPORT THEIR CLAIMS FOR DISCRIMINATION IN WAGES .................................................................................. 6

V.  PLAINTIFFS FAIL TO ADDUCE EVIDENCE OF RETALIATION ........................... 7

   A. Plaintiffs' Prevailing Wage Complaints With The Comptroller's Office Do Not Quality As Protected Activity Under The Relevant Anti-Discrimination Statutes. 7

   B. Plaintiffs Cannot Establish That The Person Who Laid Them Off Had Any Knowledge Of Alleged Complaints Of Race Or National Origin Discrimination 8

   C. Plaintiffs' Retaliation Claim Fails Because They Cannot Carry Their Burden To Rebut The Legitimate, Nondiscriminatory Reasons For Their Layoffs. .......... 10

VII. CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abdu-Brisson v. Delta Air Lines, Inc.*,
239 F.3d 456 (2d Cir. 2001)..................................................................................................4

*Carter v. New York*,
310 F. Supp. 2d 468, 478 n. 5 (N.D.N.Y. 2005)..................................................................10

*Chapkines v. New York Univ.*,
2005 U.S. Dist. LEXIS 1035 (S.D.N.Y.)...............................................................................4

*Fahmy v. Duane Reade, Inc.*,
2006 U.S. Dist. LEXIS (S.D.N.Y. ........................................................................................5

*Faggiano v. Eastman Kodak Co.*,
378 F. Supp. 2d 292 (W.D.N.Y. 2005)..................................................................................4

*Federal Express Corp. v. Holowecki*,
128 s. Ct. 1147 (2008)...........................................................................................................8

*Hollander v. American Cyanamid Co.*,
172 F.3d 192 (2d Cir. 1999)..................................................................................................5

*Kerzer v. Kingly Mfg.*,
156 F.3d 396 (2d Cir. 1998)..................................................................................................9

*Kessler v. Westchester County Dep't of Social Srvcs.*,
461 F.3d 199 (2d Cir. 2006)..................................................................................................8

*Mack v. United States*,
814 F.2d 120 (2d Cir. 1987)..................................................................................................8

*Marren v. Ludlum*,
14 A.D.3d 667, 790 N.Y.S.2d 146 (2005) ............................................................................2

*Pollis v. The New School for Social Research*,
132 F.3d 115, 121-22 (2d Cir. 1997) ....................................................................................5

*Reeves v. Sanderson Plumbing Products, Inc.*,
530 U.S. 133 (2000)...............................................................................................................4

*Richter v. Monroe Cty. Dep't of Soc. Srvc.*,
2005 U.S. Dist. LEXIS 5800 (W.D.N.Y. 2005) .................................................................10

*Schnabel v. Abramson*,
   232 F.3d 81 (2d Cir. 2000)..................................................................................1, 2, 3, 11

*Simpson v. N.Y. State Dep't of Civ. Servs.*,
   166 Fed. Appx. 500 (2d Cir. 2006)..................................................................................10

*Stout v. Potter*,
   276 F.3d 1118 (9th Cir. 2002) ............................................................................................5

*Taylor v. City of New York*,
   269 F. Supp. 2d 68 (E.D.N.Y. 2003) ..................................................................................2

*Waldorf v. Liberty Maintenance, Inc.*,
   2007 U.S. Dist. LEXIS 23552 (S.D.N.Y.) .........................................................................4

**STATUTES**

42 USC § 1981........................................................................................................................7

N.Y. Lab. Law § 740(a) ..........................................................................................................2

NYS Labor Law § 220 ....................................................................................................1, 2, 7

NYS Labor Law § 740 .........................................................................................................1, 2

**RULES**

Fed.R.Civ.P. 56.....................................................................................................................10

Fed.R.Civ.P. 56(e) ..................................................................................................................5

Fed.R. Evid. 602 ..................................................................................................................... 5

I.      **INTRODUCTION.**

The instant motion should be granted because Plaintiffs cannot carry their burden to prove that Midtown unlawfully discriminated or retaliated against them. In their opposition, Plaintiffs rely on a fundamentally-flawed legal analysis and affidavits that are inconsistent with their deposition testimony. Such evidence falls far short of the proof required to establish intentional discrimination. Plaintiffs essentially concede that they lack the information necessary to prove their claims. Although they castigate Midtown for alleged discovery violations, the fact of the matter is that Plaintiffs failed to request comparative data in discovery. As such, their inability to meet the required burden of proof is not a basis to deny summary judgment.

Plaintiffs' claims for unpaid wages under NYS Labor Law Section 220 must be dismissed because there is no private right of action for prevailing wages under New York Law. Plaintiffs concede that the retaliation claims are untimely because they were not filed within the one year statute of limitation set forth in NYS Labor law Section 740. Realizing the obvious deficiencies of these claims Plaintiffs creatively, but ineffectively, attempt to recast the prevailing wage claims as retaliation claims. Even if these allegations are not time-barred, Plaintiffs present insufficient evidence to establish even a *prima facie* case.

At bottom, the evidence presented by Plaintiffs fails to rebut Midtown's legitimate, nondiscriminatory reason for laying them off, i.e., poor performance at a time when Midtown was reducing its workforce due to lack of work. Significantly, Plaintiffs do not address the same actor inference which permits this Court to presume that discrimination did not occur because the person who laid Plaintiffs off was the same person who hired them. *Schnabel v. Abramson*, 232 F.3d 81, 91 (2d Cir. 2000). Midtown's motion for summary judgment should, therefore, be granted in its entirety.

## II. THE COURT SHOULD GRANT SUMMARY JUDGMENT ON THE UNOPPOSED ELEMENTS OF MIDTOWN'S MOTION

Plaintiffs' opposition fails to address two significant elements of Midtown's opening brief: Part IV.A, which addresses Plaintiffs' claims for whistleblower retaliation under NYS Labor Law Section 740; and Part IV.B, which relates to claims for unpaid prevailing wages under Labor Law Section 220. "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003). Midtown respectfully requests that the Court grant summary judgment on Plaintiffs' claims for whistleblower retaliation and alleged unpaid prevailing wages (Count IV of the Complaint) based upon the undisputed material facts presented.[1]

## III. PLAINTIFFS FAIL TO CREATE TRIABLE ISSUES OF FACT IN CONNECTION WITH THEIR LAYOFFS

Plaintiffs apply an incorrect legal analysis and fail to challenge the application of the same actor inference. The Court may draw an inference against unlawful discrimination because the individual that made the decision to lay Plaintiffs off—Ilya Brodsky—was the same individual who hired them in the first place. *Schnabel*, 232 F.3d at 91.

Against this "highly relevant" inference, and despite the compelling evidence that Midtown had legitimate, nondiscriminatory reasons for terminating each of them, Plaintiffs have proffered only speculation and conjecture that fails to establish even a single unlawful discriminatory act. For example, several Plaintiffs assert that after they were laid off they

---

[1] Plaintiffs' whistleblower claims are not properly alleged in the Complaint, and in any event, they failed to file their Complaint within the applicable one-year statute of limitations. *See* N.Y. Lab. Law § 740(a). With respect to the claims under Labor Law Section 220, the New York Court of Appeals has held that the statute does not provide a private right of action, *Marren v. Ludlum*, 14 A.D.3d 667, 790 N.Y.S.2d 146 (2005). Even if it did, Plaintiffs present no evidence whatsoever to show that Midtown owes them a single dollar for work they performed. Finally, each Plaintiff admits to receiving a settlement payment from the Comptroller's Office which fully resolved any prevailing wage issue.

observed white and eastern European workers still working at Midtown. This anecdotal "evidence" is woefully inadequate to defeat summary judgment because it does not cast doubt on Midtown's asserted reasons for the layoffs. More fundamentally, Plaintiffs present no relevant, admissible evidence regarding the composition of Midtown's workforce and, therefore, no evidence to prove intentional discrimination.

In *Schnabel v. Abramson*, 232 F.3d 83 (2000), the Second Circuit examined the quantum of evidence needed to prevent summary judgment in a discrimination case. There, the plaintiff suing for age discrimination presented evidence showing he was over sixty years old when he was fired; he was qualified for the position; and that he was replaced by a 31-year-old. *Id.* at 87. The plaintiff also claimed that at the time of termination, his manager told him that he "had no complaints" about his work, but that he would "compose a letter claiming that [plaintiff] was fired for cause" and place it in his file if he refused to resign. *Id.* at 88. The plaintiff asserted that the evidence establishing a *prima facie* case, combined with evidence of pretext, sufficed to preclude summary judgment. The Second Circuit Court of Appeals rejected this contention.

The Court held that evidence of a *prima facie* case and evidence of pretext does not suffice in all cases to prevent summary judgment. The Court endorsed a "case-by-case approach, with a [trial] court examining the entire record to determine whether the plaintiff could satisfy his ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Schnabel*, 232 F.3d at 90 (quotes omitted). In affirming summary judgment for the employer, the Second Circuit in *Schnabel* concluded that the plaintiff's evidence did not permit a reasonable trier of fact to conclude that age was a determining factor in the decision to fire him. *Schnabel*, 232 F.3d. at 91.

3

Since *Schnabel*, other panels of the Second Circuit and numerous district courts have awarded summary judgment in favor of employers in cases where plaintiffs produce only minimal evidence of discrimination. *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456 (2d Cir. 2001) (affirming summary judgment where plaintiffs established a *prima facie* case of discrimination but failed to rebut Delta's reason for hiring former Pan Am employees at lower salaries); *Waldorf v. Liberty Maintenance, Inc.*, 2007 U.S. Dist. LEXIS 23552 (S.D.N.Y.) (summary judgment granted even though plaintiff established a *prima facie* case of age discrimination and produced evidence that the reason proffered was pretext, because the plaintiff presented "no evidence from which the inference could be drawn that he was discriminated against on the basis of his age"); *Faggiano v. Eastman Kodak Co.*, 378 F. Supp. 2d 292 (W.D.N.Y. 2005) (granting summary judgment where the plaintiff relied on the same information that made up his *prima facie* case as his evidence of pretext); *Chapkines v. New York Univ.*, 2005 U.S. Dist. LEXIS 1035 (S.D.N.Y.) (holding that evidence of *prima facie* case plus weak evidence tending to refute defendant's legitimate, nondiscriminatory reason for terminating plaintiff was insufficient to defeat summary judgment).[2]

In the instant case, Plaintiffs' evidence is insufficient to establish even a *prima facie* case. Assuming an extremely weak *prima facie* case is presented, Plaintiffs' evidence is plainly inadequate to satisfy the "ultimate burden" to prove that Midtown unlawfully discriminated against them. Plaintiffs present no direct or circumstantial evidence of discrimination, no stray remarks concerning their race or national origin, and no statistically relevant data. Plaintiffs' comments regarding the racial and ethnic composition of Midtown's pre- and post-layoff workforce do not constitute admissible evidence and should be disregarded by the Court. Fed. R.

---

[2] The cases cited by Plaintiffs concerning the standard for summary judgment are inapposite. These cases predate *Schnabel* and are of questionable precedential value. Moreover, Plaintiffs fail to apply the facts of this case to any of the cases cited in their brief.

4

Civ. P. 56(e); Fed. R. Evid. 602; *Hollander v. American Cyanamid Co.*, 172 F.3d 192 (2d Cir. 1999) (upholding the striking of information not made on the affiant's personal knowledge).

Even if the Court accepted this "evidence," naked assertions that Midtown continued to employ white, eastern European sheet metal mechanics following Plaintiffs' layoffs does nothing whatsoever to rebut Midtown's legitimate, nondiscriminatory reasons for laying them off, *i.e.*, poor performance and lack of work. It is well settled that statistical evidence based on a small sample size cannot prevent summary judgment as a matter of law. *See Pollis v. The New School for Social Research*, 132 F.3d 115, 121-22 (2d Cir. 1997) (collecting decisions in which "courts have ruled, as a matter of law, that discrimination may not be proved by statistics involving [a] small . . . pool," such as 10 to 15); *Stout v. Potter*, 276 F.3d 1118 (9th Cir. 2002) ("6 female applicants in a pool of 38 . . . is likely too small to produce statistically significant results").

Vargas' and McKenzie's contention that Midtown failed to complete the Ivy Walk project on time after they were removed from the project is irrelevant to proving intentional discrimination. It is undisputed that Midtown's customer wrote two letters requesting their removal from the Project. (*See* Brodsky Aff., Ex. C & D.) *Cf. Fahmy v. Duane Reade, Inc.*, 2006 U.S. Dist. LEXIS (S.D.N.Y.) (noting that it is not the function of a fact-finder to second-guess business decisions, and holding that "Fahmy's belief that Duane Reade should not have weighed customer complaints as heavily as it did is insufficient to demonstrate that the company's stated reasons for its promotion decisions were pretextual."). Although Midtown was able to reassign Vargas, Midtown truthfully told McKenzie that it had no work for him, and laid him off. Plaintiffs fail to prevent even a scintilla of evidence that Midtown's asserted reasons for this layoff was pretextual. This abject failure of proof is fatal to Plaintiffs' discrimination claims.[3]

---

[3] The fact that Brodsky and Liberstein are both Russian immigrants is wholly irrelevant to Plaintiffs burden of proof. Indeed, if the Court accepted this "evidence," it would result in the denial of

5

Plaintiffs' final assertion that Midtown provided "shifting explanations" for the layoffs falls flat. Ilya Brodsky's deposition testimony does not conflict with the facts contained in his affidavit or the legitimate, nondiscriminatory reasons offered by Midtown in support of this motion. Most importantly, Plaintiffs present no extrinsic evidence to contradict Midtown's legitimate business reason, such as evidence that Midtown replaced them with non-minority workers. Based upon an examination of the record presented, Plaintiffs fail to satisfy their "ultimate burden" of presenting evidence that Midtown intentionally discriminated against them. *Schnabel*, 232 F.3d at 90. Accordingly, their discrimination claims must be dismissed.

### IV. PLAINTIFFS PRESENT NO EVIDENCE TO SUPPORT THEIR CLAIMS FOR DISCRIMINATION IN WAGES.

In its initial moving papers, Midtown established that the Plaintiffs' rates of pay during 2003-2006 were not disproportionately lower than the other members of Teamsters Local 810. The undisputed evidence demonstrates that Plaintiffs' wage rates were appropriate and in accordance with the Teamsters' collective bargaining agreement. (*See* opening brief, 5-7.) For example, Plaintiff Norales does not dispute that he was the second highest-paid sheet metal mechanic, second only to a person with more experience who, unlike Norales, had completed a five-year apprenticeship program through Sheet Metal Workers Local 28. (Brodsky Aff., ¶ 12.)

Plaintiffs fail to offer any probative evidence to prove that their wage rates were the product of discrimination. To obscure this absence of proof, Plaintiffs assert that Midtown

> never gave [our] attorneys true copies of the wage breakdowns of all of the sheet metals worker [sic] employed with Midtown, nor were my attorneys given breakdowns of Midtown's employees by race and trade. **We therefore are unable to make certain comparisons and to properly rebut some of defendant's positions without this information.**

---

summary judgment in almost every discrimination case ever filed and be contrary to the Second Circuit's holding in *Schnabel. See* 232 F.3d at 289-91.

6

(Wotorson, Aff., Ex. 27, ¶ 4; Ex. 28, ¶ 4 (emphasis added)). Contrary to this assertion, Midtown had no duty to provide Plaintiffs with "wage breakdowns" or "breakdowns of Midtown's employees by race and trade," because they never requested this comparative data during discovery. (See Supplemental Affidavit of Eric Stuart, Ex. A-B.) Because Plaintiffs admit that they lack the evidence needed to prove discrimination in wage rates, the Court should grant summary judgment on these claims.

## V.    PLAINTIFFS FAIL TO ADDUCE EVIDENCE OF RETALIATION.

### A.    Plaintiffs' Prevailing Wage Complaints With The Comptroller's Office Do Not Qualify As Protected Activity Under The Relevant Anti-Discrimination Statutes.

To establish a *prima facie* case of retaliation under the anti-discrimination statutes, Plaintiffs must prove that they engaged in protected activity within the meaning of 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL. Plaintiffs fail to meet this threshold burden. Although Midtown concedes that Plaintiffs initiated complaints in April, 2005 for unpaid *prevailing wages* under Section 220 of the New York Labor Law, this activity does not qualify as protected activity for the purposes of any of the anti-discrimination statutes at issue here. Indeed, Section 220 is simply not designed to address complaints about employment discrimination.[4]

Plaintiffs rely entirely on self-serving affidavits stating that they subjectively intended to oppose race and national origin discrimination when they complained to the Comptroller's Office. This is an argument the Court must reject. *None* of the Plaintiffs testified to these alleged subjective beliefs. To the contrary, Plaintiffs' deposition testimony shows that their only

---

[4] The Court can take judicial notice of the fact that the New York City Comptroller's Office does not enforce any of the anti-discrimination laws. This obligation is undertaken by the EEOC, the New York State Division on Human Rights, and the New York City Commission on Human Rights. Plaintiffs' desperate reliance on prevailing wage complaints to establish a *prima facie* case of retaliation under the antidiscrimination statutes emanates from the failure to meet the one-year statute of limitations for whistleblower retaliation under NYS Labor Law Section 740.

purpose in filing the prevailing wage complaints was to obtain additional wages. (*See* Norales Dep., 107:8-112:25; Vargas Dep., 166:3-172:10; Ramirez Dep., 162:25-166:21; McKenzie Dep., 141:16-144:22; Bonilla Dep., 72:20-75:3.) Because Plaintiffs' affidavits contradict their sworn deposition testimony, the Court should disregard them. *Mack v. United States*, 814 F.2d, 120, 124-25 (2d Cir. 1987) ("[A] party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment.").

Moreover, the Comptroller's Office provided several hundred pages of documents in connection with Plaintiffs' prevailing wage complaints. Plaintiffs cannot point to a *single document* to even suggest that they raised complaints of race or national origin. Thus, Plaintiffs' alleged complaints to the Comptroller's Office cannot be reasonably construed as race and national origin discrimination complaints for the purposes of the statutes at issue in this case. *Cf. Federal Express Corp. v. Holowecki*, 128 S. Ct. 1147 (2008) (concluding that "if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee"). Plaintiffs' references to prevailing wage complaints, as well as the Stipulation of Settlement between Midtown and the Comptroller's Office, do not establish "protected activity" for purposes of the antidiscrimination statutes alleged in the Complaint.

### B. Plaintiffs Cannot Establish That The Person Who Laid Them Off Had Any Knowledge Of Alleged Complaints Of Race Or National Origin Discrimination.

Even if Plaintiffs could establish that they lodged discrimination complaints with the Comptroller's Office, which they clearly cannot, another element lacking in Plaintiffs' *prima facie* case is evidence that the decision-maker had actual knowledge of the alleged protected activity. *Kessler v. Westchester County Dep't of Social Srvcs.*, 461 F.3d 199, 205-06 (2d Cir.

2006). Here, Plaintiffs fail to prove that Ilya Brodsky was even aware of the *alleged* discrimination complaints.

Significantly, Plaintiffs concede that they never complained to Brodsky about discrimination. In an attempt to fill this evidentiary void, Plaintiffs impute knowledge to Brodsky of their [phantom] discrimination complaints by misstating the deposition testimony of Roman Liberstein. Plaintiffs wrongly assert that because they purportedly complained to Liberstein about discrimination, a jury could "assume" that Liberstein brought Plaintiffs' discrimination complaints to Brodsky's attention and that Brodsky retaliated against them. Such rank speculation does not constitute relevant evidence sufficient to prevent summary judgment.

In determining whether to grant summary judgment, the Court may draw "reasonable" factual inferences in favor of Plaintiffs. *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). The inferences Plaintiffs expect the Court to draw here, however, are ludicrous and inconsistent with the record. Indeed, the only testimony that even remotely relates to Liberstein's discussion of employee complaints with Brodsky occurs on page 19 of Liberstein's deposition transcript:

> Q. When employees were complaining to you or you would learn that there were complaints about employees thinking they were not being paid enough, what would you do would [sic] those complaints?
>
> A. I would discuss it with my boss.

(Liberstein Dep., 19:6-10.) (Wotorson Aff., Ex. 26.) From the record evidence, and contrary to the unfounded assertions at pages 20-21 of Plaintiffs' opposition brief, no *reasonable* basis exists to infer that Liberstein discussed any alleged discrimination complaints with Brodsky.

Moreover, regardless of whether Plaintiffs subjectively believed that they filed race and national origin discrimination complaints with the Comptroller's Office, which they certainly did not, Brodsky had no reason to make that connection. As stated, nothing in the documents received from the Comptroller's Office mentions race or national origin discrimination (*see*

Wotorson Aff. Exhibits 1-7). Accordingly, there is no evidence that Brodsky was aware of such complaints. *See Kessler*, 461 F.3d at 205-06.

### C. Plaintiffs' Retaliation Claim Fails Because They Cannot Carry Their Burden To Rebut The Legitimate, Nondiscriminatory Reasons For Their Layoffs.

Aside from lacking a *prima facie* case, summary judgment on the retaliation claims should also be granted because Plaintiffs fail to rebut Midtown's legitimate business reasons for the layoffs. Plaintiffs mistakenly argue that temporal proximity exists between their complaints to the Comptroller's Office in May, 2005 and their layoffs in November 2005, February 2006, and March 2006. As a threshold matter, a six, eight, and ten-month gap between the alleged protected activity and the layoffs does not give rise to even an inference of retaliation. *Carter v. New York*, 310 F. Supp. 2d 468, 478 n.5 (N.D.N.Y. 2005). Moreover, "[t]emporal proximity alone is insufficient to carry plaintiff's burden of proof beyond the *prima facie* stage." *Richter v. Monroe Cty. Dep't of Soc. Srvc.*, 2005 U.S. Dist. LEXIS 5800, *43 (W.D.N.Y. 2005); *see also Simpson v. N.Y. State Dep't of Civ. Servs.*, 166 Fed. Appx. 500, 502 (2d Cir. 2006) (holding that temporal proximity, without more, is insufficient to satisfy the burden to prove pretext). Because Plaintiffs have failed to present admissible evidence to establish that Midtown's legitimate reasons for their layoffs are pretextual, Plaintiffs' retaliation claims must fail.

## VII. CONCLUSION

FRCP 56 requires Plaintiffs to carry their "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated [or retaliated] against the plaintiff." *Schnabel*, 232 F.3d at 90. They have failed to do so. Midtown respectfully requests, therefore, that the Court grant summary judgment dismissing Plaintiffs' claims in their entirety.

Respectfully submitted,

Dated: June 9, 2008                         By: /s/Eric C. Stuart